IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Albert Santanieyo Kelley, | Civil Action No.: 4:18-cv-01011-JMC |
| Plaintiff, | |
| v. | ORDER |
| Paul Dennis, Beverly Woods, Associate Warden Earley, James Stoney Drake, | |
| Defendants. | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 26, 2019. (ECF No. 63.) The Report addresses Plaintiff Albert Santanieyo Kelley's ("Plaintiff") Complaint (ECF No. 1), which is brought pursuant to 42 U.S.C. § 1983, and Defendants Paul Dennis, Beverly Woods, Associate Warden Earley, and James Stoney Drake's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 58). (*Id.* at 2–3.) The Magistrate Judge recommends that the court dismiss Plaintiff's action under Federal Rule of Civil Procedure 41(b) because he has failed to prosecute his case. (*Id.*) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 63) and incorporates it herein, **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice, and **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 58).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se* and *informa pauperis*, filed his Complaint on April 10, 2018.[1]

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff delivered his Complaint (ECF No. 1) to prison authorities on April 10, 2018. (ECF No. 1-3 at 1.)

1

(ECF Nos. 1, 2.) Seeking relief under 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated the First, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 4.) Defendants filed their Motion for Summary Judgment on January 3, 2019. (ECF No. 58.) Within their Motion, Defendants first contend that they are shielded from liability because of qualified immunity. (ECF No. 58-1 at 3–4.) Next, Defendants submit that Plaintiff has failed to allege that Defendants "acted with a sufficiently culpable state of mind" and "cannot sustain a claim of constitutional magnitude." (*Id.* at 6–13.) Defendants conclude that "Plaintiff has been treated fairly and fully and in compliance with constitutional standards, prison policy, and the legal authority in this jurisdiction with regard to the incidents at issue." (*Id.* at 13.)

On January 4, 2019, the Magistrate Judge issued a *Roseboro* order to Plaintiff, advising him of the procedures regarding summary judgment and the consequences of failing to respond.[2] There is no indication within the record that Plaintiff did not receive the Magistrate Judge's *Roseboro* order. Even after issuance of the *Roseboro* order, Plaintiff did not respond to Defendants' Motion for Summary Judgment.

The Magistrate Judge filed the Report on February 26, 2019. (ECF No. 63.) Within the Report, the Magistrate Judge reasons that Plaintiff "has abandoned his claims against Defendants" because "he failed to respond to a motion asking that judgment be granted against him even after being warned that his failure to respond could result in dismissal . . . ." (*Id.* at 2.) Since Plaintiff "failed to prosecute his case," the Magistrate Judge recommends that the court dismiss Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 2–3.) In addition

---

Therefore, pursuant to *Houston*, Plaintiff's Complaint was filed on April 10, 2018. 487 U.S. at 275.

[2] *Roseboro* requires district courts to provide an explanation of summary judgment procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

to providing the court with a recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (ECF No. 63-1 at 1.) Neither Plaintiff nor Defendants have objected to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3).

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of

the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report (ECF No. 63) accurately summarizes the law and correctly applies it to Plaintiff's Complaint (ECF No. 1). Specifically, the court concludes that Plaintiff has failed to prosecute his case because Plaintiff has not responded to Defendants' Motion for Summary Judgment or communicated with the court since September 2018. (*See* ECF No. 44.) Since no specific objections were filed by either party, and the court discerns no clear error within the Report, the court adopts the Report herein. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a careful and thorough review of the Report and record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 63) and incorporates it herein. Accordingly, the court **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice[3] and **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 58).

---

[3] The Magistrate Judge's Report and Recommendation does not clearly specify whether the court should dismiss Plaintiff's Complaint with or without prejudice. (*See* ECF No. 63 at 2–3.) When determining whether to dismiss a plaintiff's action with prejudice, the court must balance: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (quoting *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989)). Here, Plaintiff is entirely responsible for his case because he is proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 2.) Defendants have not been able to discern Plaintiff's position on their Motion for Summary Judgment because of his lack of response. Moreover, Defendants have been subject to this action since April 13 2018, and have not received any communication from Plaintiff since September 7, 2018. (*See* ECF No. 44.) Lastly, Plaintiff did not act pursuant to the Magistrate Judge's *Roseboro* order and acted in a "dilatory fashion." *Herbert*, 877 F.2d at 270. Because Plaintiff has not filed anything with the court since September 7, 2018, the court cannot discern a less drastic alternative to dismissal. (*See* ECF No. 44.) For these reasons, the court dismisses Plaintiff's action with prejudice.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

April 4, 2019
Columbia, South Carolina